```
                IN THE UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF ARKANSAS
                          EASTERN DIVISION
```

RICHARD JONES                                              PETITIONER

vs.              Civil Case No. 2:07CV00121 HLJ

T. C. OUTLAW, Warden,
FCI - Forrest City, Arkansas                               RESPONDENT

MEMORANDUM AND ORDER

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Richard Jones, an inmate of the Federal Correctional Institution in Forrest City, Arkansas. Petitioner is serving a sentence of eighteen months imposed in the Eastern District of Tennessee on October 12, 2006, after his conviction on the charge of being a felon in possession of a firearm. He states his discharge date is April 28, 2008, and he has been informed he will be transferred to a Residential Reentry Center (RRC) on February 12, 2008. He contends, however, that he is entitled to spend the last six months at an RRC and that he should be transferred on or around December 28, 2007.

Respondent contends in his Response that Petitioner "has failed to address the issue of RRC placement through the administrative remedies program." It is not clear to this court whether Respondent is contending Petitioner has not exhausted his administrative remedies, or that he simply has not asserted in his

petition that he has exhausted his administrative remedies. Therefore the court will not address the exhaustion question.

Prior to December of 2002, the Federal Bureau of Prisons (BOP) regularly sent inmates to RRC's (then called Community Corrections Centers (CCC's)) up to six months prior to their release dates, regardless of the length of their sentences, to prepare them for re-entry into the community pursuant to 18 U.S.C. § 3621(b) and Program Statement 7310.04.  On that date, the BOP adopted a new policy, whereby inmates were considered for such a transfer only after he began serving the last ten percent of his sentence.  In February of 2005, the BOP created new regulations instituting the new policy.  Inmates challenged the policy and regulations in numerous § 2241 petitions in this district.

In Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the Eight Circuit invalidated the December 14, 2005, policy and the February 2005 regulations.  Thereafter, the BOP filed affidavits in pending cases attesting that it was modifying its procedures to provide that inmates would be evaluated for RRC placement utilizing the procedures outlined in Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998, the policy in effect before December of 2002. The BOP further stated it would base "RRC recommendations on statutory (18 U.S.C. § 3621(b)), correctional, and population management interests, e.g., length of sentence, seriousness of

current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc.," and that evaluations for RRC placement would occur 11 to 13 months before the inmate's projected release date.

In the present case, Respondent contends the BOP modified its procedures in this circuit in light of <u>Fults</u>, that Petitioner was evaluated under the December 16, 1998, regulation and that the BOP based its recommendation on the factors listed in § 3621(b) and Program Statement 7310.04. Documents attached to Respondent's Response reveal the BOP recommended Petitioner be transferred to an RRC from 90 to 120 days before his release from prison. Petitioner attached to his petition a document that appears to be a copy of a response to a grievance concerning his transfer to an RRC. In the "Counselor's Comments" section, Petitioner is erroneously informed that he was "submitted for 5 to 6 months halfway house placement." However, he is also informed that the Community Corrections Manager in Chattanooga, Tennessee, only granted him two months, possibly because that was when a bed became available for him.

Petitioner does not have a right to a transfer to an RRC. All he is entitled to is consideration for such a transfer in accordance with the procedures outlined in Program Statement 7310.04. Petitioner does not dispute that he was recommended for transfer from 90 to 120 days prior to release. He merely argues that lack of bed space should not be allowed as an "excuse to limit

re-entry into society." Petitioner's Reply (DE #13), p. 3.  It appears Respondent in these proceedings has done all he was required to do.  Even if the BOP had recommended Petitioner receive the full six months, he would still be limited by the Community Corrections Manager in Chattanooga, Tennessee, to only two months at the RRC.  If Petitioner wishes to challenge that decision he must do so in the district court in that jurisdiction.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 13th day of December, 2007.

*Henry L. Jones, Jr.*
United States Magistrate Judge